IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Juan Carlos Sandoval Guevara, | : | |
| | : | Case No. 1:26-cv-406 |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Helaine Tasch, in her official capacity as | : | |
| Cincinnati Field Office Director of | : | Order Granting Petition for Writ of |
| Enforcement and Removal Operations, | : | Habeas Corpus |
| U.S. Immigration and Customs | : | |
| Enforcement, *et al.*, | : | |
| | : | |
| Respondents. | | |

Pending before the Court is the Petition for Writ of Habeas Corpus ("Habeas Petition")

filed by Petitioner Juan Carlos Sandoval Guevara.  (Doc. 1.)  Respondents have filed a Return of

Writ opposing habeas relief.  (Doc. 4.)  This case presents the now-familiar question of whether

noncitizens who are detained by federal immigration officials years after entering the United

States without inspection are entitled to a bond hearing.  For the reasons below, the Court

answers the question affirmatively and will **GRANT** the Habeas Petition.

**I.**

Sandoval Guevara, a native and citizen of El Salvador, challenges his detention without a

bond hearing at the Butler County, Ohio Correctional Complex while in the custody of

Respondents.  He entered the United States without inspection by an immigration officer on or

about October 19, 2003.  (Doc. 1 at PageID 2.)  He was detained by a Homeland Security Task

Force on April 8, 2026 during a targeted enforcement operation.  (Doc. 4-1 at PageID 44.)  That

same day, the Department of Homeland Security ("DHS") initiated removal proceedings under

1

the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a.  (Doc. 1-3 at PageID 25.)

DHS charged Sandoval Guevara with a violation of INA § 212(a)(6)(A)(i), 8 U.S.C.

§ 1182(a)(6)(A)(i), for being "an alien present in the United States without being admitted or

paroled, or who arrived in the United States at any time or place other than as designated by the

Attorney General."  (*Id.*)  Sandoval Guevara requested a bond hearing during his immigration

proceedings on April 17, 2026.  (Doc. 1-4 at PageID 30–32.)  The Immigration Judge denied

bond on April 21, 2026 finding that he "lack[ed] jurisdiction" to consider the bond request.

(Doc. 1-5 at PageID 34.)

Sandoval Guevara asserts in his Habeas Petition that he is being unlawfully held and

denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a

misapplication of the INA, 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a).  He asserts that his statutory

and due process rights are being violated.  The Court has faced the same legal issues in other

immigration cases the past few months.  Respondents concede that the facts here are not

materially different from those in the earlier cases.  (Doc. 4 at PageID 42.)  The Court again

holds that detainees like Sandoval Guevara, who entered the United States years ago without an

inspection, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2).  Rather, they

are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  Therefore, Respondents

are violating Sandoval Guevara's statutory rights under the INA and due process rights under the

Fifth Amendment by detaining him without a bond hearing.  *See*, *e.g.*, *Ramirez Quintana v.

Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No.

1:26-cv-68, 2026 WL 900063 (S.D. Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-

77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).[1]

## II.

The Court ORDERS that within seven days of entry of this Order, Respondents shall either (1) provide Sandoval Guevara with a due process compliant, individualized bond redetermination hearing before an Immigration Judge, at which the Government shall bear the burden of persuasion justifying his continued detention; or (2) release Sandoval Guevara from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Sandoval Guevara from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion of justifying Sandoval Guevara's continued detention and adduce clear and convincing evidence that Sandoval Guevara is a danger to the community.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within ten days of entry of this Order, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination

---

[1]  Because the Court finds the denial of a bond hearing violates the INA and the Due Process Clause, the Court has not addressed whether Respondents have violated the Administrative Procedure Act as well.

hearing was held or whether and when Sandoval Guevara was released from custody.[2]

       **IT IS SO ORDERED.**

                                 BY THE COURT:

                                 S/Susan J. Dlott
                                 Susan J. Dlott
                                 United States District Judge

---

[2] Sandoval Guevara seeks attorney fees and costs. (Doc. 1 at PageID 15.) The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(b). The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute and the local rules.